**Exhibit A**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Meade Gooding</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Liberty Mutual Insurance Company</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

BATES 1

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

BATES 2

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Harrison Hunt</u>        Fla. Bar # <u>121247</u>
        Attorney or party           (Bar # if attorney)

<u>Daniel Harrison Hunt</u>        <u>04/14/2025</u>
  (type or print name)        Date

BATES 3

Case 1:25-cv-22258-JEM   Document 1-2   Entered on FLSD Docket 05/16/2025   Page 5 of 42

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MEADE GOODING,

    Plaintiff,

vs.                          Case No.:

LIBERTY MUTUAL INSURNACE COMPANY,
a Foreign Profit Corporation

    Defendant.

_____/

## COMPLAINT

    Plaintiff, MEADE GOODING ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LIBERTY MUTUAL INSURANCE COMPANY, ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, and Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendants' unlawful, race based discriminatory treatment of Plaintiff as well as retaliation for same.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The venue of this action is properly placed in Miami-Dade County because the Defendant advertise for business in Florida, hired multiple Florida Residents to work for them from Florida, made regular communications using interstate modalities to their employees in Florida and the fact that this company has registered multiple entities in Florida for doing business. Defendant is located at 1441 Brickell Avenue, Miami, FL 33131.

BATES 4

4.  Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year within the state of Florida and employed Plaintiff to work in Miami Dade County.

5.  Plaintiff is a covered employee for purposes of the Florida Civil Rights Act.

6.  Defendant is alleged to have engaged in an unlawful employment practice pursuant to Florida Law and the FCRA, §760.10 et sec.

7.  Plaintiff adopts and incorporates into this complaint the EEOC Charges and Notice of Rights to Sue as attachments which are attached to this complaint as **Exhibit A-C**.

8.  Plaintiff filed a timely US EEOC Charge of Discrimination with the FCHR and EEOC concurrently on or about July 19, 2024, 510-2025-05469. A Right to Sue letter issued on March 17, 2025 signed by Evangeline Hawthorne, director of the EEOC and was copied to respondent Human Resources, Liberty Mutual Group Inc., 1441 Brickell Avenue, Miami, FL 33131, **Exhibit C.**

9.  As such, this filing which is within 90 days of the Right to Sue is timely and well within the statute of limitations under the FCRA and any other relevant statutes.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## <u>BACKGROUND</u>

12. Plaintiff is an Asian Male and as such, covered under the FCRA.

13.  Plaintiff was hired by Defendant as a Customer Service Representative and was later promoted to Senior Customer Service Supervisor.

14.  Plaintiff was employed by Defendant from May 4, 2015, through April 5, 2024.

15.  As a Senior Customer Service Supervisor Plaintiff was salaried and earned $65,000 per year.

16.  In approximately May 2017, Plaintiff was promoted to Senior Customer Service Supervisor.

17.  Plaintiff was the only Senior Customer Service Representative of Asian race.

18.  In approximately 2019, a position for senior supervisor in the Rewrite/Retention Department was opened in which Plaintiff was denied, on the reason that he did not sell himself to the managers. Plaintiff's supervisor, Daniel Coronado, a Hispanic male, had completed his interview, who was well aware of Plaintiff's accomplishments, including having the highest promotions on a team and two top performers in the company. Daniel Coronado was aware of Plaintiff's Race.

19.  Plaintiff was denied the position, and subsequently, the position was given to Julian Demarco, a Hispanic male, someone outside of Plaintiff's race, which Defendant was well aware.

20.  Plaintiff later learned that Julian was coached and prepped by Daniel to interview for the position. Julian was told what to say, what to do, and how to get his numbers up. Plaintiff was not coached or prepped by Daniel for his interview.  The only reason that Plaintiff was not coached or prepped was due to defendant's desire not to have an Asian in the position. As such, because plaintiff was Asian, he was denied the opportunities and privileges of his

non-Asian counterparts.  This was the intent of defendant through their managers and administrators.

21. In approximately 2019, about a month into reporting to Daniel Coronado, Plaintiff reported discrepancies with his metrics and direct report numbers, as a few of his top agents were falling under Julian Demarco. This displacement of agents bumped Julian's numbers while lowering Plaintiff's numbers. Daniel told Plaintiff not to worry about it and that he would fix it for Plaintiff.

22. Plaintiff followed up with Daniel about the displacement multiple times, but the discrepancy was never fixed. This negatively affected Plaintiff's end-of-year numbers. This omission by Julian Demarco was intentional and part of Defendant's pretextual decision to discriminate against Plaintiff due to race as other employees were not subject to the same negative and damaging treatment by Defendant.

23. Plaintiff filed a complaint with Human Resources about the displacement. Trina LNU, the HR representative Plaintiff spoke with, told Plaintiff, in same or similar words "Don't pursue this complaint, it was just a misunderstanding." As such, Defendant downplayed and disregarded plaintiff's complaints and tried to cover up the complaints fostering their institutional anti-Asian bias.

24. In approximately August 2019 Daniel sent an email to Plaintiff and copied the team, indicating that Plaintiff was to work late-weekend shift, instead of Julian Demarco. Plaintiff and the other supervisors had already worked out their schedules amongst one another, and no other supervisor had been called out. After this, Plaintiff was approached by multiple supervisors asking him what he had done to have Daniel call him out in front of the entire team.  The only thing that Plaintiff did for this treatment was to be Asian, a member of a

disfavored race which Defendant intended on discriminating against and did so in order to set plaintiff up for termination due to his race.

25. On or about December 27, 2019, Plaintiff requested a "Comp Day" off of work after he woke up with a migraine. Supervisors are given a "comp day" for the next week if they pick up a weekend shift, in which Plaintiff did. Plaintiff was denied this "comp day" through a text from Daniel stating that he could not request a comp day for the same day. Plaintiff was then marked a no-call no-show on attendance. This treatment was unfair and mispresents Plaintiff's position.  It's also a right plaintiff had under the FMLA to take time off for a medical condition which was denied as part of Defendant's race discrimination mentality and purpose.

26. Daniel Coronado, however, had allowed "comp day" requests to be used on the same day of the request for other supervisors such as Jill Floyd (Caucasian), Julian Demarco (Hispanic), Jason Elia (Caucasian), Jose Travieso (Hispanic) and Elizabeth Ought (Caucasian). This is direct evidence of preferable treatment towards Non-Asians and these individuals are direct comparators.  When Plaintiff pointed this out to Daniel, Daniel then called Plaintiff to apologize for "misunderstanding Plaintiff's request," and told Plaintiff he was, in fact, allowed to use his Comp Day, the day of the request.

27. Subsequent to this incident, Plaintiff was targeted with an audit of his PTO. Plaintiff is aware of multiple supervisors under Daniel's supervision who did not enter their PTO hours and were not subjected to an audit of such hours.  Some of those individuals are mentioned above.  The targeting of Plaintiff was due to retaliation for his race and complaints of race based discrimination to HR.

28. At the end-of-year performance review, Plaintiff was given a 7. Daniel warned Plaintiff that the company terminates employees who score a 7 or lower. When Plaintiff asked why he was given a 7, Daniel stated that he was given a 7 because of attendance and lead goals.

29. Plaintiff pointed out to Daniel that other supervisors, including Steven Owens (Caucasian) and James Blasto (Caucasian), had worse attendance records and worse performance metrics than himself, who were given higher end-of-year scores.  This was just more evidence of disparate treatment and Defendant setting plaintiff up for termination in retaliation for his complaints.

30. After this review, Plaintiff raised his concerns to Nancy Masters, Daniel's manager. Nancy asked Daniel to rerun the numbers. Daniel took this opportunity to yell at Plaintiff in front of the customer service representatives about going to Nancy and stating that his numbers were correct. This would not have happened if Plaintiff was not Asian.

31. In approximately February 2020, Plaintiff filed an EEOC Charge of Discrimination after receiving a call from Mikayla Sutton, stating that she was sorry to hear he would be laid off. Plaintiff was unaware of this information at the time, and asked Mikayla where she heard this news. Mikayla told Plaintiff that Daniel had told her that Plaintiff would be terminated due to his low performance score.

32. Plaintiff was not terminated in 2020 and received a performance review score of 10 the following year.

33. In approximately mid-2022, Plaintiff was transferred to Sean Flannagan's team.

34. In approximately February 2024, Plaintiff filed a complaint to Human Resources, Trina LNU, regarding race-discrimination from Daniel. After this report was filed, Daniel was made aware of the complaint made and retaliated against Plaintiff by accusing him of not

working his weekend shift, excluding him from team activities, meetings, and emails, and giving Plaintiff a poor end-of-year performance review.

35. During 2024, Plaintiff was not given or included in any performance number improving projects. However, at the end of the year, Plaintiff was told by Sean that he was trending to review a score of 9 for his end-of-year review.

36. Before performance evaluations, a few supervisors were given the opportunity to participate in a "special task," which included listening to calls. These calls gave those supervisors higher numbers, increasing their overall performance numbers. Plaintiff was not given the opportunity to participate in these calls.

37. When the time for performance evaluations came, Plaintiff was told that he would be receiving a score of 7. In retaliation for Plaintiff's complaints about discriminatory treatment and in retaliation for Plaintiff's complaints of race-based discrimination, Plaintiff was terminated on April 5, 2024 by Daniel Coronado.

38. Plaintiff's position was then filled by a Caucasian with less tenure and less experience than Plaintiff.

39. After Plaintiff's termination, Plaintiff applied for a position in the company but was later denied on the justification that he was overqualified for the position.

40. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of his job duties and responsibilities; and at all relevant times Plaintiff did perform his job at satisfactory or above satisfactory levels.

41. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination and retaliation on the basis of his race.

42. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## COUNT I
### *Race Discrimination Under The FCRA*

43. Plaintiff reasserts her allegations in paragraph 1-42 as if fully set forth herein.

44. Section 760.10 of the FCRA states in relevant part:

"(1)     It is an unlawful employment practice for an employer:

(a)     To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

45. The FCRA accordingly prohibits discrimination based on Race.

46. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race, which individuals outside Plaintiff's race were not and would not have been subjected, in violation of the FCRA.

47. Plaintiff was adversely impacted by his complaints of race-based discrimination in the form of accusations of missing shifts, exclusion from activities, and projects, low performance scores, and termination.

48. Defendant's alleged bases for its adverse conduct against Plaintiff and retaliation against Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

49. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Defendant's adverse employment actions, which reasons it does not have, Plaintiff's Race was a significant motivating factor for Defendants' adverse conduct toward Plaintiff.

50. As a result of Defendant's willful and malicious discriminatory actions as a result of his Race, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages, stress, frustration and lack of work.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages if appropriate in this case.

51. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct per statute.

52. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT II
### *Retaliation Under The FCRA*

53. Plaintiff reasserts her allegations in paragraph 1-42 as if fully set forth herein.

54.        Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment
> agency, a joint labor-management committee, or a labor organization to
> discriminate against any person because that person has opposed any
> practice which is an unlawful employment practice under this section, or
> because that person has made a charge, testified, assisted, or participated
> in any manner in an investigation, proceeding, or hearing under this
> section."

55. The FCRA accordingly prohibits retaliation against an employee for reporting conduct
which would violate the terms of the FCRA.

56. Plaintiff reported formally and informally systematic race-based discrimination to HR
Representative Trina LNU, and Plaintiff was terminated in retaliation.

57. Plaintiff's complaints of discrimination and disparate treatment were protected activities
under the FCRA, for which Plaintiff could not be adversely affected or terminated in
retaliation.

58. Defendant's alleged bases for its adverse conduct against Plaintiff are pretextual and
asserted only to cover up the retaliatory nature of its conduct.

59. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff,
including exclusion from meetings, projects, activities and Plaintiff's termination, which
reasons it does not have, Plaintiff's complaints of discrimination were significant
motivating factors for Defendant's adverse conduct toward Plaintiff.

60. As a result of Defendant's retaliatory actions, and its willful and malicious discharge of
Plaintiff's employment as a result of complaints of discrimination, Plaintiff has
experienced and will continue to experience significant financial and economic loss in the
form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to
experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff

accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

61. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious retaliatory conduct per statute.

62. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

F. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

G. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

H. Award Plaintiff as to this count prejudgment interest; and

I. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

J. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on each of his above claims.

Date:  April 14, 2025                                             Respectfully submitted,

_/s/  Daniel H. Hunt_
Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO Box 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593

*Attorney for Plaintiff*

# EXHIBIT A

BATES 15

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | |

## Florida Commission On Human Relations                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Meade Gooding | ■■■■ | ■■■■ |

| Street Address | City, State and ZIP Code |
|---|---|
| ■■■■■■■■ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Liberty Mutual Group Inc. | 15+ | (800) 290-8711 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5152 Ryals Rd. Zephyrhills, FL 33541 (Worked Remotely) 175 Berkley St. Boston, MA 02166 (Corporate Address for Contact Purposes) | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 05/04/2015    Latest: 04/05/2024

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Statement of Harm:** Liberty Mutual Insurance Co.  ("Liberty") discriminated and retaliated against me on the basis of my disability (anxiety, depression) and race (Asian).

Previously, I informed Liberty about my disability and requested the reasonable accommodation of intermittent absences for flares for which I went on an intermittent protected medical leave. Shortly after filing for protected medical leave, Daniel Coronado (ACS Manager) began discriminating against me on the basis of my disability and retaliating against me for my disability and need for reasonable accommodation.

In response, Liberty failed to take proper remedial action regarding Mr. Coronado's conduct and instead altered my position by transferring me under Shawn Flannagan.  However, this also failed to prevent or correct the discrimination.  For instance, during my performance review in January 2024, Mr. Flannigan informed me that I would have received a 9/15 if it wasn't for the additional evaluations performed by the other managers including Mr. Coronado. Instead, I received a 7/15 review which cut my yearly bonus by more than half from $5,000 to $2,400. Mr. Coronado intentionally delivered a lower rating for me to further discriminate and retaliate against me

**Continued on page 2**

Continued on page 2

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 07/19/2024 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*          Meade Gooding (Jul 19, 2024 16:50 EDT) *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | |

**Florida Commission On Human Relations**                    and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

## Continued from page 1

In or around February of 2024, Liberty told me that I would be terminated under the pretext of position elimination with the upcoming layoff but that I was free to find another job within Liberty. I attempted to find other positions within Liberty; however, Liberty refused to select me for the positions under the pretext that I was supposedly overqualified. I then escalated my concerns to Human Resources, but they failed to take remedial action. Shortly thereafter, Liberty effectuated the termination.

This is clearly pretextual as there was no legitimate reason to select me over my lesser tenured, lesser experienced, lower performing, non-disabled, non-Asian counterparts.  For example, Liberty retained Susan Karson, Carmen Howard, and Jason Stevens (all non-Asian, non-disabled) despite the fact that they had less experience as supervisors and lower overall performance as compared to me.  In fact, Liberty assigned my team to Ms. Karson, demonstrating that it replaced me with my lesser experienced counterpart.  Liberty's failure to provide any metrics for how it supposedly selected me, combined with the discriminatory and retaliatory reduction to my rating and bonus and replacing me with my counterpart, demonstrates that Liberty terminated me out of discriminatory and retaliatory animus.

A person with a disability is defined as:

1. A person with a physical or mental impairment that substantially limits one or more major life activities; or
2. A person with a record of such a physical or mental impairment; or
3. A person who is regarded as having such an impairment.

I qualify as a person with a disability as defined by one or more of the above.

**Statement of Discrimination:** I believe I have been discriminated against because of my disability (anxiety, depression) and race (Asian), in violation of Title I of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 07/19/2024  *Date*     Meade Gooding (Jul 19, 2024 16:50 EDT)  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

BATES 18

EEOC Form 5 (5/01)

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | X  FEPA (FCHR)<br>X  EEOC<br>___ MDCCHR | |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR – Florida Commission on Human Relations,
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Mr. Meade Gooding | Home Phone (Incl. Area Code)<br>( ███████ | Date of Birth<br>███████ |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| ███████ | ███████ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name<br>Liberty Mutual Group Inc.<br>Shawn Flannagan<br>HRSupportCenter@LibertyMutual.com | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>(800) 290-8711 |
|---|---|---|
| Street Address<br>1441 Brickell Ave | City, State and ZIP Code<br>Miami, FL 33131 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| **X** RACE ___ COLOR __ SEX ___ RELIGION __ NATIONAL ORIGIN<br><br>**X** RETALIATION ___ AGE __ **X** DISABILITY __ OTHER | Earliest                    Latest<br><br>05/04/2015   and   04/05/2024<br><br>___ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

Complainant adopts and incorporates the facts from the previous charge of discrimination (EEOC No.:15D-2024-01290, FCHR No.: 202597706) herein.

A determination of no reasonable cause was issued by the Florida Commission on Human Relations on January 16, 2025.

We are requesting a review and a Notice of Right to Sue.

I believe that I have been Discriminated against and Retaliated against because of my disability, and race, in violation of the Americans with Disabilities Act of 1990, as amended and all applicable state statutes.

My attorney is Daniel H. Hunt, Esq. 11767 S. Dixie Hwy, #407, Pinecrest, FL 33156, (305) 507-0511, dhuntlaw@gmail.com, nicole@themiamishark.com, jewell@themiamishark.com and erika@themiamishark.com.

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>3/5/2025<br>*Date*          *Charging Party Signature*<br>ID Kn71Qu1fPXwSFZ5VKAf5jrv8 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>ID Kn71Qu1fPXwSFZ5VKAf5jrv8<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

BATES 19

# EXHIBIT C

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/17/2025

**To:** Mr. Meade Gooding
5152 Ryals Rd.
Zephyrhills, FL 33541
Charge No: 510-2025-05469

EEOC Representative and email:   KRISTY GASCOT
Investigator Support Assistant
kristy.gascot@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2025-05469.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
03/17/2025

---

Evangeline Hawthorne
Director

**Cc:**
Human Resources
Liberty Mutual Group Inc.
1441 Brickell Avenue
Miami, FL 33131

1441 Brickell Avenue
Miami, FL 33131

Daniel  H Hunt  Esq.
The Miami Shark PA
11767 S. DIXIE HWY # 407
Pinecrest, FL 33156


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-05469 to the

BATES 23

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-05469 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

> **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

> **Only one** major life activity need be substantially limited.

> Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

"Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Filing # 221009546 E-Filed 04/15/2025 08:39:31 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MEADE GOODING,

      Plaintiff,

vs.                                                            Case No.:

LIBERTY MUTUAL INSURANCE COMPANY,
a Foreign Profit Corporation

      Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

To: **LIBERTY MUTUAL INSURANCE COMPANY** through the registered agent:

      CHIEF FINANCIAL OFFICER
      200 E. GAINES STREET
      TALLAHASSEE, FL 32399-0000

  **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      **DANIEL H HUNT, ESQ.**
      P.O. BOX 565096
      MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**<u>REQUESTS FOR ACCOMMODATIONS BY PERSONS</u>**

**<u>WITH DISABILITIES</u>**

If you are a person with a disability who needs an accommodation to participate in a court proceeding, please contact Alican Simpkins, the Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone 305-349-7175; TDD 305-349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance or immediately

1

BATES 26

If you are a person with a disability who needs an accommodation to participate in a court

upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona con una discapacidad que necesita una adaptación para participar en un procedimiento judicial, por favor, póngase en contacto con Aliean Simpkins, Coordinadora de la ADA del Tribunal del Undécimo Circuito Judicial Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Teléfono 305-349-7175; TDD 305-349-7174; Correo electrónico ADA@jud11.flcourts.org; Fax (305) 349-7355 al menos siete (7) días antes de su comparecencia programada ante el tribunal o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia programada es inferior a siete (7) días; si tiene problemas de audición o de voz, llame al 711.

KREYOL: Si ou se yon moun ki gen yon andikap ki bezwen yon aranjman pou patisipe nan yon pwosedi tribinal, tanpri kontakte Aliean Simpkins, Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telefòn 305-349-7175; TDD 305-349-7174; Imèl ADA@jud11.flcourts.org; Fakse (305) 349-7355 omwen sèt (7) jou anvan ou te pwograme pou parèt nan tribinal oswa imedyatman apre ou te resevwa notifikasyon sa a si tan anvan yo te pwograme a parèt mwens pase sèt (7) jou; si w gen pwoblèm pou tande oswa vwa, rele 711.

_____
CLERK                            DATE


_____
DEPUTY CLERK

2

BATES 27

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

BATES 28

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**P.O. BOX 565096**
**MIAMI, FL 33256**

BATES 29

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MEADE GOODING,

     Plaintiff,

vs.                       Case No.:

LIBERTY MUTUAL INSURANCE COMPANY,
a Foreign Profit Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

To: **LIBERTY MUTUAL INSURANCE COMPANY** through the registered agent:

     CHIEF FINANCIAL OFFICER
     200 E. GAINES STREET
     TALLAHASSEE, FL 32399-0000

   **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     **DANIEL H HUNT, ESQ.**
     P.O. BOX 565096
     MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

### <u>REQUESTS FOR ACCOMMODATIONS BY PERSONS</u>

### <u>WITH DISABILITIES</u>

If you are a person with a disability who needs an accommodation to participate in a court proceeding, please contact Alican Simpkins, the Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone 305-349-7175; TDD 305-349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance or immediately

1

BATES 30

If you are a person with a disability who needs an accommodation to participate in a court

upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona con una discapacidad que necesita una adaptación para participar en un procedimiento judicial, por favor, póngase en contacto con Aliean Simpkins, Coordinadora de la ADA del Tribunal del Undécimo Circuito Judicial Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Teléfono 305-349-7175; TDD 305-349-7174; Correo electrónico ADA@jud11.flcourts.org; Fax (305) 349-7355 al menos siete (7) días antes de su comparecencia programada ante el tribunal o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia programada es inferior a siete (7) días; si tiene problemas de audición o de voz, llame al 711.

KREYOL: Si ou se yon moun ki gen yon andikap ki bezwen yon aranjman pou patisipe nan yon pwosedi tribinal, tanpri kontakte Aliean Simpkins, Eleventh Judicial Circuit Court ADA Coordinator Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telefòn 305-349-7175; TDD 305-349-7174; Imèl ADA@jud11.flcourts.org; Fakse (305) 349-7355 omwen sèt (7) jou anvan ou te pwograme pou parèt nan tribinal oswa imedyatman apre ou te resevwa notifikasyon sa a si tan anvan yo te pwograme a parèt mwens pase sèt (7) jou; si w gen pwoblèm pou tande oswa vwa, rele 711.

4/15/2025



_____
CLERK                                    DATE

_____
DEPUTY CLERK

BATES 31

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y las numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger'

3

BATES 32

vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**P.O. BOX 565096**
**MIAMI, FL 33256**

4

BATES 33

Filing # 221640018 E-Filed 04/23/2025 02:28:03 PM

| | | |
|---|---|---|
| MEADE GOODING | **CASE #:** | **2025-006721-CA-01** |
| | **COURT:** | **11TH JUDICIAL CIRCUIT** |
| | **COUNTY:** | **MIAMI-DADE** |
| PLAINTIFF(S) | **DFS-SOP #:** | **25-000103312** |

VS.

LIBERTY MUTUAL INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Wednesday, April 16, 2025 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, April 17, 2025 to the designated agent for the named entity as shown below.

      LIBERTY MUTUAL INSURANCE COMPANY
      LYNETTE COLEMAN
      1201 HAYS STREET
      TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

ABC LEGAL
ABC LEGAL SERVICES
633 YESLER WAY
633 YESLER WAY
SEATTLE, WA 98104

KS1

BATES 34

Court Stamp Here

# NON-SERVICE RETURN

| Court | **IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA** | |
|---|---|---|
| Plaintiff<br><br>**Meade Gooding** | | Case #<br><br>**220959645** |
| Defendant<br><br>**Liberty Mutual Insurance Company** | | Hearing Date |
| Person to be Served<br>**Liberty Mutual Insurance Company through Chief Financial officer** | | Came to Hand Date/Time |
| Reason Unable to Serve | | |
| Documents | | Service Fee |

Received by _____, on the _____ day of _____, 20____ to be served upon **Liberty Mutual Insurance Company through Chief Financial officer** at **200 E Gaines Street, Tallahassee, Leon County, FL 32399**.

I, _____, being duly sworn, depose and say that on the _____ day of _____, 20____ at _____ o'clock ____M, I **NON-SERVED** the within named corporation.

After due search, careful inquiry and diligent attempts at **200 E Gaines Street, Tallahassee, Leon County, FL 32399**, I have been unable to effect process upon the person//entity being served due to the following reason(s):

| Date | Time | Address | Remarks |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**COMMENTS**

_____

_____

Ref  **MeadeGooding**



**0165835399**



Daniel H. Hunt, Esq.

Tracking # **0165874573**



BATES 35

| Plaintiff | Defendant | Case # |
|---|---|---|
| **Meade Gooding** | **Liberty Mutual Insurance Company** | **220959645** |

**Documents Served:** **SUMMONS IN A CIVIL CASE; CIVIL COVER SHEET; COMPLAINT**, with the date and hour of service endorsed thereon by me.

Notary not required pursuant to F.S. 92.525(2).

I am over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made, pursuant to Chapter 48 of Florida Statutes. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

NAME:

_____

*First Name   Last Name*                    *Server ID #*                    *Date*

Ref  **MeadeGooding**

**0165835399**



Daniel H. Hunt, Esq.

Tracking # **0165874573**



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2025-006721-CA-01

MEADE GOODING,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Liberty Mutual Insurance Company ("Defendant") moves the Court under Fla. R. Civ. P. 1.090(b) for an extension of time to respond to Plaintiff Meade Gooding's ("Plaintiff") Complaint, up to and including May 27, 2025. For the following reasons, good cause justifies an extension of time.[1]

    1.     Plaintiff sued Defendant on April 14, 2025. Plaintiff served Defendant on April 17, 2025. Accordingly, Defendant must respond to the Complaint by May 7, 2025.

    2.     Plaintiff accuses Defendant of race discrimination and retaliation arising from events that took place between 2019 and 2024.

    3.     The Court should extend the deadline for Defendant's response to the Complaint by twenty (20) days, until May 27, 2025. Counsel for Defendant was recently retained in this case and needs additional time to investigate Plaintiff's claims and prepare an appropriate response. The requested extension—unopposed by Plaintiff—will not prejudice either party.

---

[1] For the Court's convenience, Defendant has submitted a proposed order in Word format through Court Map.

**WHEREFORE**, Defendant respectfully requests an Order extending the deadline to respond to the Complaint, up to and including May 27, 2025.

## <u>CERTIFICATE OF CONFERRAL</u>

I certify that prior to filing this Motion, I discussed the relief requested in this Motion by email with the opposing party and the opposing party agrees on the resolution of the Motion.

Dated: April 30, 2025.                     Respectfully submitted,

*s/ William S. Weber*
James W. Seegers, Esq.
Florida Bar No.: 122531
Primary E-Mail: jseegers@bakerlaw.com
Secondary E-Mail: dmanser@bakerlaw.com
William S. Weber, Esq.
Florida Bar No. 1032238
Primary E-Mail: wsweber@bakerlaw.com
Secondary E-Mail: kaskinner@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 30, 2025, a true and correct copy of the foregoing has been electronically served via the Florida E-Filing Portal, which will automatically send electronic notice to counsel of record as follows::

Daniel H. Hunt, Esq.
PO Box 565096
Miami, FL 33256
dhuntlaw@gmail.com

*s/ William S. Weber*
William S. Weber

Filing # 222220271 E-Filed 05/01/2025 01:15:39 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2025-006721-CA-01
SECTION: CA10
JUDGE: Peter R. Lopez

**Meade Gooding**

Plaintiff(s)

vs.

**Liberty Mutual Insurance Company**

Defendant(s)

_____/

## ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

      THIS MATTER came before the Court on Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint. The Court has carefully reviewed the Motion and is fully advised on its premises.

      Accordingly, it is ORDERED AND ADJUDGED as follows:

1.   Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint is **GRANTED**.

2.   The Defendant shall have until May 27, 2025, to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>1st day of May, 2025</u>.

<u>2025-006721-CA-01 05-01-2025 1:08 PM</u>
Hon. Peter R. Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **<u>THIS MOTION</u>**

CLERK TO **<u>RECLOSE</u>** CASE IF POST JUDGMENT

**Electronically Served:**
- Daniel Harrison Hunt: dhuntlaw@gmail.com
- Daniel Harrison Hunt: nicole@TheMiamiShark.com
- Daniel Harrison Hunt: dan@TheMiamiShark.com
- Jewell Gentry-Mickelson: Jewell@TheMiamiShark.com
- Jewell Gentry-Mickelson: lexi@themiamishark.com
- Jewell Gentry-Mickelson: taylor@themiamishark.com
- Meade Gooding: meadepg21@gmail.com
- Meade Gooding: Erika@Themaimishark.com
- William Sebastian Weber: wsweber@bakerlaw.com
- William Sebastian Weber: kaskinner@bakerlaw.com
- William Sebastian Weber: dbichard@bakerlaw.com

BATES 41